**WO**                                                                                                          KAB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Page, | No. CV-24-03505-PHX-MTL (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiff Chad Page, who is represented by counsel, brought this action pursuant to 42 U.S.C. § 1983 and Arizona state law. Defendants filed a Motion to Dismiss and Plaintiff opposes the Motion. (Docs. 8, 11.) Also pending before the Court is Defendants' Motion to Strike. (Doc. 7.)

**I.      Background**

In his operative Second Amended Complaint, Plaintiff alleges as follows. On January 19, 2023, several City of Phoenix police officers, including Defendants Von Holten and McKnight, were involved in arresting Plaintiff. (Doc. 3-1 at 6) Defendants Von Holten and McKnight exited their patrol cars and pursued Plaintiff on foot because they suspected him of fleeing after exiting a stolen vehicle. (*Id.*) When the officers exited their patrol cars, Plaintiff stopped running and put his hands in the air and Defendants commanded him to get on the ground. (*Id.* at 7.) Plaintiff obeyed and stated "I'm down on the ground, I'm down." (*Id.*) When Defendants reached Plaintiff, one or both of them struck him in the upper back and/or back of the head and Von Holten grabbed his right

wrist and wrenched his right arm toward his shoulder or upper back until it caused an audible "pop" and Plaintiff yelled out in pain. (*Id.*) Defendants then handcuffed Plaintiff and caused the handcuffs to be excessively tight on Plaintiff's wrists. (*Id.*) Defendants then picked Plaintiff off the ground by lifting and squeezing his fractured and dislocated arm and roughly escorted him to the police vehicle while questioning him. (*Id.*) The fire department determined Plaintiff should be seen at Deer Valley Medical Center, where he was diagnosed with a fracture and dislocation of his right elbow, a facial abrasion above his left eye, and a concussion, and he was thereafter booked into jail. (*Id.* at 7-8.)

In Count One, Plaintiff alleges state-law assault and battery against the City and Von Holten. In Count Two, Plaintiff alleges Fourth Amendment excessive force against Defendants Van Holten and McKnight. In Count Three, Plaintiff alleges a *Monell* claim against the City based on the City's failure to train and supervise its officers in the proper use of force.

**II.    Motion to Strike**

Defendants move to strike paragraphs 57-76 of Plaintiffs' Second Amended Complaint and Exhibit A pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 7.) These paragraphs primarily encompass Plaintiff's *Monell* claim and contain allegations about force used by non-Defendant City of Phoenix police officers. Exhibit A is an investigation report of the United States Department of Justice of the City of Phoenix Police Department. (Doc. 3-1 at 18-283.) Defendants assert that the allegations are irrelevant to Plaintiff's claims and the report of the Justice Department is not admissible evidence.

Rule 12(f) authorizes the Court to strike from a pleading all allegations that are "immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). Generally, Defendants have the burden of showing "that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *See* 5C Charles Alan Wright & Arthur Miller, *Fed'l Prac. and Proc.* § 1380 (3d

ed. updated April 2022); *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV–08–1467–PHX–ROS, 2009 WL 2382998, *1 (D. Ariz. 2009).

Defendants have not shown how they will suffer prejudice if the allegations remain in the Second Amended Complaint. Although the allegations appear attenuated from the underlying actions of the individual Defendants, Plaintiff asserts that they are relevant to his underlying *Monell* claim. Although both parties discuss the admissibility of the Department of Justice report, allegations in a pleading are simply allegations and are not evidence. If Plaintiff intends to use the report as evidence in the future, proper evidentiary objections can be made at that time. Accordingly, Defendants have not shown they will suffer prejudice if the allegations remain in the Second Amended Complaint, and the Motion to Strike will be denied.

**III.   Motion to Dismiss**

**A.   Notice of Claim**

Defendants assert that Plaintiff's notice of claim was not specific because it "provides only a date and a vague description of what he claims occurred on" June 27, 2023, and he failed "to provide a location or an incident report number to sufficiently enable Defendants to investigate his Notice of Claim." (Doc. 8 at 3.)

Arizona Revised Statutes § 12-821.01(A) states the following:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

Ariz. Rev. Stat. § 12-821.01 (A).

In his Notice of Claim, Plaintiff stated his full name, that Phoenix Police Officers,

including Officer Brandon Von Holten and McKnight, used excessive force on him on January 19, 2023, included Von Holten's badge number, included details about the force used, described that the Phoenix Fire Department was called and Plaintiff was transported to Honor Health Deer Valley Medical Center, and was thereafter booked into the Maricopa County Jail. (Doc. 8-1 at 3.)

The statute simply requires the Notice of Claim to contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. Nothing in the statute requires that Plaintiff provide a location or incident number when filing a Notice of Claim. Defense counsel's argument that "there was no way for the City to determine the location of the incident based on the information provided in the Notice of claim" (Doc. 8) is conclusory, unsupported by any evidence, and is implausible. *See Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("arguments and statements of counsel are not evidence"). Plaintiff provided the date of the incident, his own name, the names of the officers involved, that Phoenix Fire Department was called, that he was transported to the hospital, and that he was then transported into Maricopa County Jail. There is simply nothing in this Record supporting that the Notice of Claim does not contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. Accordingly, the Motion to Dismiss will be denied as to the Notice of Claim argument.

**B.     Arizona Revised Statutes section 12-820.05**

The City asserts that it is entitled to dismissal of Plaintiff's state law assault and battery claims because it is statutorily immune from these claims under Arizona Revised Statutes § 12-820.05(B). The City asserts that the allegations against it in Count One arise out of alleged conduct by Officer Van Holten that if taken as true, would constitute the felony of aggravated assault under Arizona Revised Statutes § 13-1204(A), which provides that a person commits aggravated assault if they cause "serious physical injury to another"[1]

---

[1] "'Serious physical injury' includes physical injury that creates a reasonable risk of death, or that causes serious and permanent disfigurement, serious impairment of health or

or "[i]f the person commits the assault by any means of force that causes temporary but substantial disfigurement, temporary but substantial loss or impairment of any body organ or part or a fracture of any body part." Ariz. Rev. Stat. § 13-1204(A)(1) and (3).

In Response, Plaintiff argues that the City is not entitled to immunity as to Plaintiff's assault and battery claim because Plaintiff alleges torts of assault and battery, not felonies, whether Defendants committed a felony is a factual question that cannot be resolved on a motion to dismiss, and Plaintiff should be given an opportunity to conduct discovery to support his claim that the City knew of the individual officer's propensity to engage in assault and battery.

Pursuant to Arizona Revised Statutes § 12-820.05,

> A public entity is not liable for losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public employee unless the public entity knew of the public employee's propensity for that action. This subsection does not apply to acts or omissions arising out of the operation or use of a motor vehicle.

Ariz. Rev. Stat. § 12-820.05 (B).

Taking Plaintiff's allegations as true, although it appears that Plaintiff does allege conduct that would constitute the felony of aggravated assault, courts are reluctant to dismiss a claim at the pleading stage where factual development would aid the court's decision. *See, e.g.*, *Nees v. City of Phoenix*, No. CV-21-01134-PHX-GMS, 2022 WL 17976322, at *6 (D. Ariz. Dec. 28, 2022) ("The Court declines to decide whether Defendant Cooke's conduct was a 'felony' based solely on Plaintiff's allegations. Whether the shooting was justified, especially in light of the fact that Mr. Whitaker possessed a firearm, is more properly considered upon a complete evidentiary record."). Moreover, Plaintiff alleges that the City knew of Von Holten's propensity for this type of conduct. The City argues that this is conclusory, but Plaintiff asserts that facts supporting the allegation are solely in Defendants' possession and he has properly alleged that Van Holten

---

loss or protracted impairment of the function of any bodily organ or limb." Ariz. Rev. Stat. § 13-105 (39).

- 5 -

committed assault and battery, that officers within the City of Phoenix Police Department were not properly trained on use of force, and that the City of Phoenix knew of Van Holten's propensity to commit assault and battery. Plaintiff has sufficiently alleged enough facts to state a claim upon which relief may be granted. Whether the City is entitled to immunity under Arizona Revised Statutes § 12-820.05 (B) is properly considered on a more developed record. Accordingly, the Motion to Dismiss will be denied based on the City's claim that it is entitled to immunity under Arizona Revised Statutes § 12-820.05 (B).

### C.     Qualified Immunity

Defendants assert that they are entitled to qualified immunity on Plaintiff's Fourth Amendment excessive force claim because under the facts as alleged by Plaintiff, it was not clearly established that they could not use "pain compliance techniques." Defendants rely on *Forrester v. City of San Diego*, 25 F.3d 804 (9th Cir. 1994) and *Saccoccio v. City of Phoenix*, No. CV-20-01141-PHX-DJH (CDB), 2024 WL 5317421 (D. Ariz. Dec. 16, 2024) in support of their argument that the force they used was not clearly established

Defendants likewise assert that it was reasonable for them to quickly place Plaintiff in handcuffs and seat him in a patrol car "to prevent him from fleeing and committing other crimes." (Doc. 8 at 10.) Defendants assert that Plaintiff does not allege that he ever told the officers that his handcuffs were too tight. Defendants contend that "[c]ourts have only found excessive force from tight handcuffing when 'the arrestee was either in visible pain, complained of pain, alerted the officer to pre-existing injuries,' sustained severe injuries, was in handcuffs for a long period of time, asked to have the tight handcuffs loosened, 'and/or alleged other forms of abusive conduct in conjunction with the tight handcuffing.'" (*Id.* at 11 (citations omitted).)

Government officials are entitled to qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In deciding if qualified immunity applies, the Court must determine: (1) whether the facts alleged show the defendant's conduct violated a constitutional right; and (2) whether that

right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 230-32, 235-36 (2009) (courts may address either prong first depending on the circumstances in the particular case).

Whether a right was clearly established must be determined "in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The plaintiff has the burden to show that the right was clearly established at the time of the alleged violation. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); *Romero v. Kitsap Cnty.*, 931 F.2d 624, 627 (9th Cir. 1991). Thus, "the contours of the right must be sufficiently clear that at the time the allegedly unlawful act is [under]taken, a reasonable official would understand that what he is doing violates that right;" and "in the light of pre-existing law the unlawfulness must be apparent." *Mendoza v. Block*, 27 F.3d 1357, 1361 (9th Cir. 1994) (quotations omitted). Regardless of whether the constitutional violation occurred, the official should prevail if the right asserted by the plaintiff was not "clearly established" or the official could have reasonably believed that his particular conduct was lawful. *Romero*, 931 F.2d at 627.

When a motion to dismiss raises qualified immunity as a defense, the court assesses whether the operative complaint alleges sufficient facts, taken as true, to withstand qualified immunity. *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018). Further, "[i]f the operative complaint 'contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right,' then plaintiffs are 'entitled to go forward' with their claims." *Id.* (quoting *Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 872 (9th Cir. 1992)).

Granting dismissal based on qualified immunity pursuant to a Rule 12(b)(6) motion is only appropriate if the Court can determine from the face of the complaint that qualified immunity applies. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001); *NAACP of San Jose/Silicon Valley v. City of San Jose*, 562 F. Supp. 3d 382, 396 (N.D. Cal. 2021) ("While defendants may ultimately prevail on many of the arguments [they] make[] now with respect to qualified immunity, because the qualified immunity analysis often turns on the

specific facts of each alleged violation, . . . [those] arguments are better suited to summary judgment"); *Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (because allegations in the complaint are regarded as true on a motion to dismiss, dismissal based on qualified immunity is inappropriate).

Here, the facts alleged are that the Defendant police officers suspected Plaintiff of stealing a car, Plaintiff exited the vehicle and started running, and, as soon as the officers exited their patrol cars, Plaintiff stopped running, complied with the officers' commands, verbally indicated that he was complying, and was lying on the ground when Defendants approached him and struck him in the upper back and/or back of the head, grabbed his right wrist and wrenched his right arm toward his shoulder or upper back until it caused an audible "pop" and Plaintiff yelled out in pain. The Defendant officers then handcuffed Plaintiff in an excessively tight manner and picked Plaintiff off the ground by lifting and squeezing his fractured and dislocated arm and roughly escorted him to the police vehicle while questioning him.

Given the facts alleged by Plaintiff, the cases relied on by Defendants are inapposite. In *Forrester*, a jury found that the use of force was reasonable in that case based on the particular circumstances of a group arrest of protesters. "For each arrest, the officers warned the demonstrators that they would be subject to pain compliance measures if they did not move, that such measures would hurt, and that they could reduce the pain by standing up, eliminating the tension on their wrists and arms. The officers then forcibly moved the arrestees by tightening OPNs around their wrists until they stood up and walked." 25 F. 3d at 806. Here, Plaintiff alleges that he was completely compliant and was not given any warning before gratuitous force was used on him.

Likewise, in *Saccoccio*, police officers were faced with a group of protesters and Plaintiff was injured by a pepper ball when he did not comply with officers' repeated commands to stop. 2024 WL 5317421, at *6. The Court found that it was undisputed that Plaintiff was resisting arrest and the force was reasonable given the large protest police were confronted with because "a reasonable officer experiencing the escalation in violence

over three nights of civil protests which included groups throwing objects at police, lighting fires, setting off incendiary devices, and damaging property, could have reasonably inferred that the group in the alley had engaged in or would engage in similar acts if permitted to escape." *Id.* at *16. Here, under the facts alleged by Plaintiff, he was not resisting arrest and none of the other circumstances supporting the force in *Soccoccio* are present in this case. In short, the circumstances in *Soccoccio* are far too attenuated to the facts alleged by Plaintiff to make any determination as to whether the law was clearly established as to the purported "pain compliance techniques" used here.

Plaintiff alleges that there was no basis for the use of force after he was compliant on the ground. The Ninth Circuit has long held that "where there is no need for force, *any* force used is constitutionally unreasonable." *See, e.g.*, *Headwaters Forest Def. v. Cnty. of Humboldt*, 240 F.3d 1185, 1199 (9th Cir. 2000) (where there is no need for force, any force used is excessive), *vacated and remanded on other grounds*, *Cnty. of Humboldt v. Headwaters Forest Def.*, 534 U.S. 801 (2001); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 480 (9th Cir. 2007) (citing *Graham*'s "clear principle" that "force is only justified when there is a need for force"); *Motley v. Parks*, 432 F.3d 1072, 1088 (9th Cir. 2005) ("[t]he use of a force against a person who is helpless or has been subdued is constitutionally prohibited"), *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012); *Fontana v. Haskin,* 262 F.3d 871, 880 (9th Cir. 2001) ("[g]ratuitous and completely unnecessary acts of violence by the police during a seizure violate the Fourth Amendment"); *P.B. v. Koch*, 96 F.3d 1298, 1303–04 & n.4 (9th Cir. 1996) ("since there was no need for force, [the defendant's] use of force was objectively unreasonable"). Here, on the facts alleged by Plaintiff, he was fully compliant, on the ground, and the police officers gratuitously struck him, pulled his wrist and arm so hard that a pop could be heard and then lifted him by his arm after they dislocated it. If these facts are true, these acts were gratuitous and unnecessary and the law was clearly established that such force could not be used. Accordingly, Defendants' Motion to Dismiss based on qualified immunity based on these alleged facts will be denied.

As to the handcuffing, Plaintiff alleges that the handcuffing was too tight, but does not allege other facts indicating that it was clearly established that the handcuffing itself was unconstitutional. Plaintiff cites to *LaLonde v. County of Riverside*, 204 F. 3d 947, 959 (9th Cir. 2000), *Wall v. County of Orange*, 364 F.3d 1107, 1110-1112 (9th Cir. 2004), and *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989) to argue that it was clearly established that the handcuffing at issue here was clearly unconstitutional. In *Hansen*, the plaintiff sustained injuries to her wrist and upper arm from the handcuffing, in *Wall v. County of Orange*, the handcuffing "hurt and damaged" the plaintiff's wrist, and in *LaLonde*, the plaintiff complained about excessively tight handcuffs and the officers refused to loosen the cuffs. 885 F.2d at 645, 364 F.3d at 1112, 204 F. 3d at 960. Here, Plaintiff does not allege that he complained about the excessively tight handcuffing or that he sustained any injury from the handcuffing itself. Accordingly, Plaintiff has not alleged sufficient facts from which the Court could determine that it was clearly established that the handcuffing was excessive force, and the Motion to Dismiss will be granted as to the handcuffing portion of Plaintiff's Fourth Amendment excessive force claim.

### D.   Failure to State a Claim

Defendants assert that Plaintiff fails to state a *Monell* claim because Plaintiff relies on other instances of force used by officers in the Phoenix Police Department related to shootings and because Plaintiff was not shot by the individual officers, those allegations are irrelevant. Defendants also argue that Plaintiff relies on findings by the United States Department of Justice that do not establish a custom of using excessive force, and there is no force alleged like the force at issue in this action. Defendants assert that Plaintiff does not allege any other facts demonstrating that the City of Phoenix had a policy, practice, or custom that resulted in a violation of Plaintiff Fourth Amendment rights.

In Response, Plaintiff asserts that he has sufficiently alleged facts demonstrating that the City of Phoenix failed to properly train its officers in the lawful use of force.

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable

legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To state a *Monell* claim based on a policy, practice or custom of Defendants, Plaintiff must allege facts showing (1) that his constitutional rights were violated by an employee or employees of the Defendant; (2) that the Defendant has customs or policies that amount to deliberate indifference; and (3) that the policies or customs were the moving force behind the violation of Plaintiff's constitutional rights in the sense that the Defendant could have prevented the violation with an appropriate policy. *See Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002). "Policies of omission regarding the supervision of employees . . . can be policies or customs that create . . . liability . . . , but only if the omission reflects a deliberate or conscious choice to countenance the possibility of a constitutional violation." *Id.* at 1194 (quotations omitted).

A "decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). To support a *Monell* claim for

failure to train under § 1983, a plaintiff must allege facts demonstrating that the local government's failure to train amounts to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Connick*, 563 U.S. at 61 (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Deliberate indifference may be shown if there are facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need." *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (citing *Canton*, 489 U.S. at 390). While, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train" *Connick*, 563 U.S. at 62, a plaintiff may still prove a failure-to-train claim without showing a pattern of constitutional violations where a violation "may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006) (internal citation omitted). In such instances, "failing to train could be so patently obvious that [an entity] could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick*, 563 F.3d at 64.

Here, Plaintiff has alleged sufficient facts to state a *Monell* claim against the City of Phoenix. Plaintiff has alleged that the City did not properly train its officers on using force, the City knew that more or different training was needed in such situations, and the City's failure to address these issues ultimately led to the use of excessive force against Plaintiff. Whether an entity has engaged in a custom or practice giving rise to constitutional liability is a necessarily fact-specific question that the Court cannot resolve at this stage of the proceedings. *See Oyenik v. Corizon Health Inc.*, 696 F. App'x 792, 794 (9th Cir. June 19, 2017) (a reasonable jury could conclude that at least a dozen instances of defendant Corizon denying or delaying consultations and radiation treatment for cancer patient over a year amounts to a custom or practice of deliberate indifference) (citing *Oviatt By & Through*

*Waugh v. Pearce*, 954 F.2d 1470, 1478 (9th Cir. 1992)); *Mi Pueblo San Jose, Inc. v. City of Oakland*, C-06-4094 VRW, 2006 WL 2850016, at *4 (N.D. Cal. Oct. 4, 2006) (Whether actions by entity officers or employees amount to a custom "depends on such factors as how longstanding the practice is, the number and percentage of officials engaged in the practice, and the gravity of the conduct.").

Likewise, whether the conduct at issue is so egregious that the need to train is obvious is a fact-specific question that cannot be resolved at this stage of the proceedings.

Accordingly, the Motion to Dismiss will be denied as to the *Monell* claim.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 8).

(2) Defendants' Motion to Dismiss (Doc. 8) is **granted in part and denied in part as follows:**

    (a) The Motion is **granted** as to the part of Plaintiff's Fourth Amendment claim regarding handcuffing because Plaintiff has not shown that it was clearly established that the handcuffing constituted excessive force under the Fourth Amendment.

    (b) The Motion is otherwise **denied**.

Dated this 2nd day of May, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge