WO                                                                                                          KAB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Page, | No. CV-24-03505-PHX-MTL (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Strike Paragraphs 71-73 of Plaintiff's Second Amended Complaint (Doc. 26), which the Court construes as a Motion for Reconsideration of the Court's previous Order denying Defendants' Motion to Strike (Doc. 17).

In its May 5, 2025 Order, the Court stated:

> Defendants move to strike paragraphs 57-76 of Plaintiffs' Second Amended Complaint and Exhibit A pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 7.) These paragraphs primarily encompass Plaintiff's *Monell* claim and contain allegations about force used by non-Defendant City of Phoenix police officers. Exhibit A is an investigation report of the United States Department of Justice of the City of Phoenix Police Department. (Doc. 3-1 at 18-283.) Defendants assert that the allegations are irrelevant to Plaintiff's claims and the report of the Justice Department is not admissible evidence.
>
> Rule 12(f) authorizes the Court to strike from a pleading all allegations that are "immaterial, impertinent or scandalous."

> Fed. R. Civ. P. 12(f). Generally, Defendants have the burden of showing "that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." See 5C Charles Alan Wright & Arthur Miller, Fed'l Prac. and Proc. § 1380 (3d ed. updated April 2022); *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV–08–1467–PHX–ROS, 2009 WL 2382998, *1 (D. Ariz. 2009).
>
> Defendants have not shown how they will suffer prejudice if the allegations remain in the Second Amended Complaint. Although the allegations appear attenuated from the underlying actions of the individual Defendants, Plaintiff asserts that they are relevant to his underlying Monell claim. Although both parties discuss the admissibility of the Department of Justice report, allegations in a pleading are simply allegations and are not evidence. If Plaintiff intends to use the report as evidence in the future, proper evidentiary objections can be made at that time. Accordingly, Defendants have not shown they will suffer prejudice if the allegations remain in the Second Amended Complaint, and the Motion to Strike will be denied.

(Doc. 17 at 2-3.)

Defendants assert that the Court should reconsider its prior ruling because the Trump Administration has since withdrawn and rescinded the Department of Justice's (DOJ) findings relating to the Phoenix Police Department. (Doc. 26.) Defendants assert that they are prejudiced by these allegations because a *Monell* claim cannot be based on findings in a rescinded report. (Doc. 26 at 2.) Defendants cite to *Barr v. City of Albuquerque*, 2014 WL 11497833, at *7 (D.N.M. Aug. 22, 2014) in support of its argument that the *allegations* should be *stricken*, but that cases is inapposite as it discusses the *evidentiary* value of a DOJ Report.

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could

not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Any motion for reconsideration must specifically identify the matters that were overlooked or misapprehended by the Court. *Id.* If any new matters are being brought to the Court's attention for the first time, the movant must identify the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. *Id.* No motion for reconsideration of an Order may repeat any oral or written argument made in support of or in opposition to the motion that resulted in the Order. *Id.*

"Absent good cause shown," a motion for reconsideration must be filed "no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2(g)(2).

Defendants have not shown that they are entitled to reconsideration of the Court's prior Order. Defendants assertions that they will suffer prejudice if allegations remain in the Second Amended Complaint are conclusory and unsupported. As the Court previously stated, allegations in a pleading are simply allegations and are not evidence. To the extent Defendants seek a ruling on the evidentiary value of anything within the report itself, such request is premature and unsupported.

For the foregoing reasons, Defendants' Motion to Strike will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Strike Paragraphs 71-73 of Plaintiff's Second Amended Complaint (Doc. 26).

(2) Defendants' Motion to Strike Paragraphs 71-73 of Plaintiff's Second Amended Complaint (Doc. 26) is **denied**.

Dated this 14th day of October, 2025.

Michael T. Liburdi
United States District Judge